# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | MAGISTRATE NO. 13-26 |
| ROBERT OLDHAM | : | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

### I. Preliminary Statement

Defendant Robert Oldham enticed a 15 year-old minor, D.M.V., over the internet via Skype. During their Skype sessions, which involved both cameras and chat, he directed her to expose herself to him on multiple occasions, to masturbate on camera, while knowing that she was 15 years old. After multiple lurid chat sessions, D.M.V agreed to meet Oldham and did so, telling her parents that she was spending the night at a friend's house. D.M.V. spent the night with Oldham wherein they engaged in sexual intercourse. During the execution of a search warrant, Oldham was interviewed, and post-<u>Miranda</u> warnings, confessed. Oldham admitted knowing that D.M.V. was underage and stated to law enforcement that he had chatted with other minors, including an eight-year old girl. Oldham also stated that it was likely that law enforcement would find child pornography on the computer that was seized from the house. Oldham, who faces a lengthy jail sentence if convicted, including a 15 year mandatory minimum, is a danger to the community and children, is a risk of flight, faces a presumption of detention per 18 U.S.C. § 3142 and the government urges the Court to grant its detention motion.

### II. Facts

The defendant has been charged with inducing a minor to engage in sexually explicit conduct for the purpose of transmitting that image over the Internet and with using the Internet to induce a girl under the age of 16 to have sex with him. The first charge carries a 15 year mandatory minimum sentence; the second carries a 10 year mandatory minimum sentence. At the time of his arrest, the defendant admitted to these charges. He also admitted to engaging in

1

on line chats with other minors, one as young as 8. When the agents arrested the defendant, he was engaged in an online sexual chat with another person. Because this only occurred a few days ago, the agents have not able to determine the age of that person yet. The defendant admitted that he knew that the girl he had sex with was underage and told the agents that her being underage was part of the "thrill."

### III. Proposed Findings

In support of this motion, the government makes the following representations and proposed findings of facts:

A. Probable Cause and Evidence in the Case

1. There is probable cause to believe that the defendant Robert Oldham violated 18 U.S.C. § 2422(b)(coercion and enticement) and 18 U.S.C. § 2251(a)(sexual exploitation of children).

2. The evidence in this case is strong and compelling:

a. At the time of his arrest, the defendant admitted to these charges. He also admitted to engaging in on line chats with other minors, one as young as 8. When the agents arrested the defendant, he was engaged in an online sexual chat with another person, including the sending of photographs of body parts. Because this only occurred a few days ago, the agents have not able to determine the age of that person yet. The defendant admitted that he knew that the girl he had sex with was underage and told the agents that her being underage was part of the "thrill." During the search of his parent's home a computer was seized.

b. When questioned as to possible child pornography, Oldham stated to law enforcement that they would probably find child pornography on his computer. The government has seized digital medial from both the defendant and the known victim.

## B. Maximum Penalties

| Count | Statute | Imprisonment | Fine | Supervised Release | Special Assessment |
|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2422(b) | 20 years, with 10 year mandatory minimum | $250,000 | 3 years | $100 |
| 2 | 18 U.S.C. § 2251(a) | 30 years, with 15 year mandatory minimum | $250,000 | 5 years | $100 |

## C. Criminal Record

Oldham has no significant criminal record. Records show that he was convicted of Disorderly Conduct in May 2012 in Bucks County, Pennsylvania. The government is seeking more information about this charge but believes it was a misdemeanor with no prison time.

## D. Community Ties/Employment

The 30 year old defendant lived at home with his parents at the time of arrest. His community ties and employment status are unknown. However, any family ties or employment have proven insufficient to deter him from his crimes involving sexual contact with a minor.

## IV. Presumption of Detention

The government believes that there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2251. Title 18 U.S.C. § 3142(f)(1)(E) provides that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3). The Court must presume – subject to rebuttal by the defendant – that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. Given the defendant's statements that having sex with a

minor was a "thrill" and that he has made additional statements concerning his wishes to have sex with minor, the government urges the Court to detain the defendant pre-trial.

## V. Conclusion

When all these facts are viewed in light of the substantial sentence the defendant faces if convicted, the strength of the evidence against him, the continued possibility that digital forensic analysis will reveal additional misconduct, his repeated criminal acts and his statement that having sex with a minor was a "thrill," it is clear that no condition or combination of conditions will reasonably assure the safety of the community or assure the presence of the defendant as required. The defendant as already had sex with a 15 year old, someone half his age. He has confessed to engaging in sexual chats with others, including chatting with an 8 year old. At the time of the arrest he was engaged in chatting with a person whose age has not been determined yet by law enforcement.

WHEREFORE, the Government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MICHAEL LEVY
Assistant United States Attorney
Chief, Cyber Crimes and Child Exploitation

JASON JONES
Special Assistant United States Attorney

## Certificate of Service

I hereby certify that the above motion and proposed order was filed electronically and served on known defense counsel electronically at:

Betsy Toplin

Federal Community Defender Association

Suite 540 West - The Curtis Center

601 Walnut Street

Philadelphia, PA 19106

JASON JONES
Special Assistant United States Attorney

Dated: 16 Jan 13

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
:
v. : MAGISTRATE NO. 13-26
:
ROBERT OLDHAM :

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of January 2013, after an evidentiary hearing and argument of counsel for the government and defendant, the Court finds that the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others persons and the community, as required by 18 U.S.C. § 3142(e) and thereby orders continued detention.

The Court makes the following finding of facts:

1. There is probable cause to believe that the defendant violated 18 U.S.C. § 2422(b)(coercion and enticement) and 18 U.S.C. § 2251(a)(sexual exploitation of children) as charged in the complaint filed on January 10, 2013.

2. The evidence in this case is strong and compelling.

    a. On January 4, 2013, J.V., a 35-year old female, who resides in Philadelphia, alerted federal law enforcement to the online activities of Oldham. J.V. has a fifteen-year-old daughter, D.M.V. D.M.V. spends a lot to time on the computer and cellular telephone. Approximately one month ago, D.M.V. left her Skype account open on the family laptop computer. Skype is an application that allows users to communicate with peers by voice using a microphone, video by using a webcam and instant messaging over the internet. D.M.V.'s Skype screen name was "helterfknskelter" and she had been chatting with "Rob O"screen name "dyetheskin." The chat was of a sexual nature and J.V. saw a video of D.M.V. masturbating. Law enforcement identified "Rob O" as the defendant Robert Oldham.

b	Federal law enforcement executed a search warrant on Oldham's parent's house, where he was living, on January 11, 2013. Oldham was present during the search and was interviewed by law enforcement. Post-Miranda warnings Oldham admitted to chatting online with D.M.V., to directing her as to what types of sexual photographs and videos he wanted from her, to knowing her true age within a very short time of meeting her, to meeting her at the mall and then having sexual intercourse with her. He stated to law enforcement that he knew that she was a minor and that was "part of the thrill." Oldham admitted to chatting with other minors, including a minor as young as eight-years old. During the search of his parent's home a computer was seized. When questioned as to possible child pornography, Oldham stated to law enforcement that they would probably find child pornography on his computer.

3. The total maximum statutory penalty defendant faces is 50 years, with a mandatory minimum sentence of 15 years. Accordingly, the defendant has a substantial incentive to flee.

4. Although the defendant has no significant criminal history and has community ties, the nature of the charges and the length of the minimum sentence overcomes those factors.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. There is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2251. Title 18 U.S.C. § 3142(f)(1)(E) provides that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3). The Court must presume – subject to rebuttal by the defendant – that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The

defendant has failed to rebut this presumption and therefore the Court finds that this presumption weighs heavily in favor of detention.

7. The Court finds that the defendant is both a flight risk and a danger to the community. No terms of release can reasonably assure that he will report for future hearings or maintain a law-abiding presence in the community while on bond.

THEREFORE, IT IS ORDERED that the defendant, Robert Oldham be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge