# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
                              :
       v.                      :      MAGISTRATE NO. 13-25
                              :
ROBERT OLDHAM           :

## PRETRIAL DETENTION ORDER

AND NOW, this _____16_____ day of January 2013, after an evidentiary hearing and argument of counsel for the government and defendant, the Court finds that the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others persons and the community, as required by 18 U.S.C. § 3142(e) and thereby orders continued detention.

The Court makes the following finding of facts:

1. There is probable cause to believe that the defendant violated 18 U.S.C. § 2422(b)(coercion and enticement) and 18 U.S.C. § 2251(a)(sexual exploitation of children) as charged in the complaint filed on January 10, 2013.

2. The evidence in this case is strong and compelling.

     a. On January 4, 2013, J.V., a 35-year old female, who resides in Philadelphia, alerted federal law enforcement to the online activities of Oldham. J.V. has a fifteen-year-old daughter, D.M.V. D.M.V. spends a lot to time on the computer and cellular telephone. Approximately one month ago, D.M.V. left her Skype account open on the family laptop computer. Skype is an application that allows users to communicate with peers by voice using a microphone, video by using a webcam and instant messaging over the internet. D.M.V.'s Skype screen name was "helterfknskelter" and she had been chatting with "Rob O" screen name "dyetheskin." The chat was of a sexual nature and J.V. saw a video of D.M.V. masturbating. Law enforcement identified "Rob O" as the defendant Robert Oldham.

  b  Federal law enforcement executed a search warrant on Oldham's parent's house, where he was living, on January 11, 2013. Oldham was present during the search and was interviewed by law enforcement. Post-Miranda warnings Oldham admitted to chatting online with D.M.V., to directing her as to what types of sexual photographs and videos he wanted from her, to knowing her true age within a very short time of meeting her, to meeting her at the mall and then having sexual intercourse with her. He stated to law enforcement that he knew that she was a minor and that was "part of the thrill." Oldham admitted to chatting with other minors, including a minor as young as eight-years old. During the search of his parent's home a computer was seized. When questioned as to possible child pornography, Oldham stated to law enforcement that they would probably find child pornography on his computer.

3. The total maximum statutory penalty defendant faces is 50 years, with a mandatory minimum sentence of 15 years. Accordingly, the defendant has a substantial incentive to flee.

4. Although the defendant has no significant criminal history and has community ties, the nature of the charges and the length of the minimum sentence overcomes those factors.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. There is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2251. Title 18 U.S.C. § 3142(f)(1)(E) provides that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(3). The Court must presume – subject to rebuttal by the defendant – that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The

defendant has failed to rebut this presumption and therefore the Court finds that this presumption weighs heavily in favor of detention.

7. The Court finds that the defendant is both a flight risk and a danger to the community. No terms of release can reasonably assure that he will report for future hearings or maintain a law-abiding presence in the community while on bond.

THEREFORE, IT IS ORDERED that the defendant, Robert Oldham be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT

_____
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge